Tom MORAN, Plaintiff in Error,

v.

Homer G. YOUNG and Mabel Young,
Defendants in Error.

No. 37578.

Supreme Court of Oklahoma.

Dec. 10, 1957.

Rehearing Denied Jan. 21, 1958.

Application for Leave to File Second Petition for Rehearing Denied June 10, 1958.

Charles E. Dierker, Oklahoma City, Percy Hughes, Hobart, for plaintiff in error.

Wilson, Wilson & Massad, Frederick, for defendants in error.

BLACKBIRD, Justice.

Defendants in error and plaintiff in error will herein be referred to as "plaintiffs" and "defendant", respectively, as they appeared in the trial court. There, the issues between the parties revolved around a boundary line fence running east and west between plaintiffs' quarter section of land to the south, and defendant's land to the north, of said line. The line, marked by an old original fence, had stood and been recognized as the true boundary between the two tracts by all of the owners thereof from 1905 until 1944, during which latter year, the defendant, approximately nine years after he purchased his tract, and while in the process of building a dam, removed the fence for a distance of about 50 rods east of its western terminus. In 1952, or approximately six years after they had purchased their land, plaintiffs constructed a new fence filling in the gap thus left in the old one and traversing the top of the dam defendant had built. Approximately two years later, defendant caused this new section of fence to be taken down and piled over on plaintiffs' land, some distance south of where it had stood. Subsequently, after plaintiffs had re-erected the section of fence, defendant again removed it, damaging posts, as well as cutting the wire at intervals.

The above series of events gave rise to the subject action, which plaintiffs instituted in February, 1956. In their petition, plaintiffs pleaded their ownership of the quarter section of land, and alleged, in substance, among other things, that the boundary line between said land and defendant's land, as originally marked by the aforesaid boundary fence, had stood for more than fifteen years (as hereinbefore mentioned) and that the new section of fence they had built to replace the destroyed portion thereof, had been erected on said boundary line. After allegations of fact concerning defendant's destruction of that portion of the fence, plaintiffs prayed that they be granted an injunction against his further interference with the maintenance

of said fence, and, in second and third causes of action, sought actual damages of $200 and exemplary damages of $5,000, respectively, against him for his allegedly unlawful, wilful and malicious destruction of the fence.

In his answer, defendant admitted plaintiffs' ownership of the quarter section of land described in their petition, and admitted that the original boundary fence, referred to in said petition, marked the actual northern boundary of plaintiffs' property, as therein alleged. He alleged, however, in substance, that when plaintiffs built the new fence described in their petition, they did not erect it on said line, but at a location approximately 18 feet north thereof, on his land. Defendant prayed that the action be dismissed at the cost of plaintiffs, and, in a brief cross petition sought to have plaintiffs restrained and/or enjoined from re-erecting the fence "upon or across or around" his dam.

At the trial, after defendant had demurred to plaintiffs' evidence, and, when it was all in, had demurred to the evidence as a whole and moved for a directed verdict, the respective issues of whether or not the location of the new portion of fence plaintiffs had built, and rebuilt, was on the established boundary line between their land and defendant's, and that, if it was, the amount of recovery to which plaintiffs were entitled on account of defendant's damaging it, were submitted to the jury separately. In one verdict, said body, acting in an advisory capacity, found the first issue in favor of plaintiffs; and, in a separate verdict, fixed plaintiffs' recovery against defendant in the amount of $100 of actual damages, and $1,000 of punitive damages. The trial court thereafter entered judgment in accord with these verdicts. After the overruling of his motion for a new trial, defendant perfected the present appeal.

■ For reversal, defendant first argues that "Plaintiffs failed to produce a single witness or offer any evidence or proof tending to establish that they had or owned the legal title to the land in question." In his brief, it is further said: "If the plaintiffs had relied upon a legal title to establish their right of possession, we think that they would have introduced the original plat of the land involved and would have attempted to establish the true boundary line of the property by a legal survey, or would have pursued some method other than that of adverse possession to prove that the legal title was vested in them." As we view the matter, plaintiffs' title was not an issue in the case after defendant, by his answer, admitted it, as alleged in plaintiffs' petition. Nor do we consider of any legal significance in the present case (notwithstanding defendant's contention to the contrary) the fact that 15 years did not elapse between the time defendant acquired his land in 1944, and plaintiffs built the new section of fence in 1952, or that such period of time had not elapsed between the latter date and plaintiffs' commencement of the present action. As hereinbefore mentioned, defendant, in his answer, admitted, as alleged in plaintiffs' petition, that the established boundary line between the two properties was marked by the original fence. Consequently, it was not encumbent on plaintiffs to prove said boundary's establishment by being recognized and acquiesced in by the two tracts' owners for 15 years, or a period of time of such duration as is usually necessary for titles by prescription. In establishing whether or not they had rebuilt the fence at the proper place, it was only necessary for plaintiffs to show that it was done at the same location, and on the same line, that had been occupied by a similar portion, or the westerly section, of the original fence. They introduced several witnesses to show this, and, though their testimony is in conflict with evidence introduced by defendant on the same issue, this conflict was correctly submitted to the trier of facts to be resolved. Accordingly, the trial court cannot be held to have erred in refusing either to render judgment for defendant on that issue, without submitting it to the jury, or in refusing to direct a verdict for defendant.

Nor can we say, after carefully examining the evidence, that the judgment on that issue is clearly against the weight of the evidence and should be vacated for a new trial. We therefore hold that defendant's argument presents no cause for reversal on such grounds.

 It is principally on the theory that, in constructing the new section of fence, plaintiffs attempted to *change* the established boundary between the two tracts and/or located the fence several feet north of said line, on his land (instead of making it coincide with the established boundary line, as the jury and court found) that defendant argues plaintiffs had no right to construct it where they did; that he was within his rights in removing it; and therefore could not be correctly assessed damages for doing so. What we have already said sufficiently answers this argument, but in a succeeding paragraph of defendant's brief, the statement is made that: "* * * there is not a scintilla of evidence that shows, or tends to show, that plaintiffs were damaged to the extent of 10 cents." Though the matter is not entirely clear, defendant's argument that plaintiffs were entitled to no amount of exemplary damages seems to be based solely on the same theory underlying their previous argument, i. e., "that the judgment for actual damages is not sustained by any evidence * * *". One of the plaintiffs testified both as to the cost of the wire and the posts in the fence, and as to the expense of the labor in erecting it. These figures totalled a substantial sum, and, in the absence of any contention that such evidence was too indefinite to establish plaintiffs' cost of replacing and/or repairing the fence on both of the occasions that defendant molested it, we think it sufficient to support a judgment for actual damages in the amount fixed by the verdict and judgment. However, from our examination of all of the evidence in the record, and upon consideration of plaintiffs' actual damages, we do not think the recovery of as large an amount of exemplary damages as was

assessed by the verdict and judgment is justified. It is our view that said amount is excessive to the extent of $500. The judgment is therefore affirmed upon condition that plaintiffs file a remittitur of $500, within 10 days after the mandate herein is received by the trial court; otherwise, the judgment is reversed and the cause remanded to said court for a new trial.

CORN, V. C. J., and HALLEY, WILLIAMS and JACKSON, JJ., concur.

DAVISON and CARLILE, JJ., concur as to actual damages and dissent as to exemplary damages.